Henry A. Hudson, J.
This is a proceeding under article 78 of the Civil Practice Act to review the proceedings, the acts and determination of Louis A. Wehle, Commissioner of the Conservation Department of the State of New York and Prank Jadwin, district forester, District No. 6 of the division of lands and forests of the Conservation Department 1, in discharging and removing the petitioner, Harold D. Berry, from the position of shop foreman in the garage maintained by the Conservation Department at Lowville, Lewis County, New York and for a final order directing the reinstatement of the petitioner to said position and directing the payment to him of the salary of such position from January 27, 1956, the date of his discharge.
The petitioner was a volunteer, exempt fireman serving in the counties of Jefferson and Lewis from July 4, 1916 until September 12, 1955 and had filed a certificate attesting to his honorable discharge in Lewis County Clerk’s office in September, 1955.
The basic contention of the petitioner was that as an honorably discharged, volunteer fireman he was not subject to discharge by reason of the provisions of subdivision 1 of section 22 of the Civil Service Law except for incompetency or misconduct shown after a hearing upon due notice and upon stated charges.
The basic contention of the respondent was that the petitioner was a temporary laborer and as such came within the exception found in subdivision 4 of section 22 of the Civil Service Law so that he could be discharged without notice and without a hearing.
Upon the return of the petition, the respondents filed an answer setting forth as a separate defense the application of subdivision 4 of section 22, attaching thereto two affidavits, one executed by the personel officer of the Conservation Department to the effect that there were no records in the personnel office of that department pertaining to the petitioner, Harold D. Berry; that no records were maintained in the personnel office of temporary labor employees and of positions not classified and filled under the civil service procedures of New York State service and that the petitioner’s employment began on the basis of his being a temporary laborer September 18, 1946 and that since April 1, 1951 he had been paid for services con *688 stituting “ Maintenance and Planting of Reforestation Areas ”, “ Temporary and Seasonal Service, Laborers (Shop Foreman)”. The other affidavit was of a principal civil service status examiner in the Department of Civil Service, State of New York that he was familiar with the payroll records of the petitioner and had examined the same; that it appeared therefrom that the petitioner was employed as a temporary laborer by the Conservation Department. The respondents admitted many of the allegations in the petition particularly those relating to the continuous employment of the petitioner from 1946 to the date of his discharge in January, 1956; the fact that his services had been entirely satisfactory and that his discharge was not in any way for cause and urged upon the argument of the motion and in its brief submitted in support thereof that the question before the court was the interpretation of subdivision 4 of section 22 of the Civil Service Law which the respondents urged justified a dismissal of the petitioner at any time.
After considering the petition and answer, the oral arguments of counsel and the briefs submitted by them, the court was satisfied that he could not make a determination of the issues raised by the pleadings without taking proof as to the circumstances of the employment of the petitioner in 1946, the nature of the services which petitioner had rendered during the 10 years of his employment, the steadiness of such employment and the circumstances of his discharge. The parties were unable to arrange a hearing until February 28, 1957 at which time the petitioner and respondents were represented by counsel and the testimony of the petitioner, Harold D. Berry, and of the district forester, District No. 6 of the Conservation Department, Frank Jadwin, was taken. Both witnesses were called on behalf of the petitioner. It was stipulated upon the record before any testimony was taken that substantially all of the allegations of the petition were admitted with the exception of those contained in paragraph “ 3 ” relating to the military service and honorable discharge of the petitioner, which were withdrawn, and the provisions of paragraph “ 11 ”.
I am satisfied from the admissions in the answer, from the testimony of the petitioner, Harold D. Berry, and the district forester, Frank Jadwin, and from the copies of the payroll records of the Conservation Department, which were received in evidence at the hearing, covering the period from January 16, 1954 until February 14, 1956 and so find:
*689 That the petitioner was a resident and citizen of the State of New York and of the United States and resides at Copenhagen, Lewis County, New York.
That the petitioner was a volunteer, exempt fireman serving on the fire department of the Village of Carthage, New York, from July 4, 1916 until October 4, 1921 and received an honorable discharge from the Carthage Volunteer Fire Department which was filed in the Lewis County Clerk’s office in September, 1955; that he was serving as a volunteer, exempt fireman with the Copenhagen Fire Department for 31 years and 6 months from March 10, 1921 until September 12, 1955; that a certificate attesting his honorable discharge dated September 12, 1955 was filed in Lewis County Clerk’s office in September, 1955.
That the petitioner entered the employ of the Conservation Department of the State of New York on September 18, 1946 at the headquarters of District No. 6, division of lands and forests, in the village of Lowville, New York; that his duties at that time were those of a mechanic; that he was employed under one Art Lane, who was the foreman; that the work which he performed under the said Art Lane was that of the maintenance of motorized equipment; that his duties included the maintenance of trucks, cars and other motorized equipment including the oiling, greasing, overhauling, repairing and keeping such equipment in running order; that there was maintained for the use of District No. 6 of the Conservation Department, trucks, automobiles, caterpillar tractors, road graders, concrete mixers and fire pumps, in all some 26 pieces of motorized equipment.
That in April, 1951 the petitioner upon the death of the shop foreman, Art Lane, was appointed shop foreman in his place and continued in that position until the time of his discharge, January 27, 1956.
That the petitioner’s employment was continuous from the time that he started to work in 1946 until his discharge and was not in any sense a seasonal or temporary occupation. That at the time of petitioner’s discharge and for the last five years one Irwin Groodhines had been working under petitioner as mechanic.
That the position of shop foreman was not abolished or terminated upon the discharge of petitioner but that Irwin Groodhines, who had been working under petitioner as mechanic was made shop foreman in the place of petitioner and undertook the duties as such shop foreman.
*690 That at the time petitioner entered the employ of the Conservation Department in 1946 he was paid on an hourly basis and received approximately $1.35 per hour; that in 1955 he received approximately $3,790.10 and was paid the hourly wage of approximately $1.55 per hour.
That the petitioner’s place of employment was the garage maintained by District No. 6, lands and forests division of the Conservation Department in the village of Lowville, New York; that this was true throughout his employment.
That petitioner’s services had been entirely satisfactory at all times; that during his employment in the position of shop foreman he had diligently fulfilled and capably discharged his duties as such and that his services were entirely satisfactory to the district forester, Frank Jadwin, who had no complaints in connection therewith.
That the petitioner was discharged January 27, 1956; that he was advised that his services were terminated by Frank Jadwin, the district forester; that no reason was given him for his discharge; that the district forester, Frank Jadwin, was advised by his superiors by telephone to discharge the petitioner and that he did so; that Jadwin advised the petitioner that he was reluctant to let him go and that was the fact.
That the Conservation Department of the State of New York, District No. 6 on its payroll records which were designated as 1 ‘ Labor Payroll ’ ’ at the time of the discharge of petitioner classified his employment as “ Shop Foreman — Auto Equipment Maintenance ” and also carried other employees on the same payroll at a lower rate of hourly wages as ‘ ‘ Semi-Skilled Labor ” and that the work performed by petitioner was not that of common or unskilled labor but was rather that of skilled labor and that it had been such throughout the term of his employment.
- That the employment of the petitioner by the Conservation Department of the State of New York at District No. 6, division of lands and forests had not been on any temporary or provisional basis but had been continuous for 10 years and that he had been engaged in the same type of work which had been supervisory in nature from April, 1951 until the time of his discharge.
That the petitioner at the time of his employment had not been engaged as a temporary employee or on any provisional basis.
That the petitioner was not discharged by reason of any incompetency or misconduct.
*691 That no hearing was granted to him nor was he advised of any reason for his discharge on January 27, 1956.
I have also reached the following conclusions of law:
That petitioner is an exempt, volunteer fireman within the meaning of section 200 of the General Municipal Law and subdivision 1 of section 22 of the Civil Service Law.
That the petitioner held a position by appointment or employment with the Conservation Department of the State of New York.
That the petitioner was removed from his position January 27, 1956 for reasons other than incompetency or misconduct.
That the petitioner was not employed under any temporary or provisional appointment within the meaning of subdivision 4 of section 22 of the Civil Service Law.
The action of the Commissioner of the Department of Conservation of the State of New York and/or the Department of Conservation should be annulled, vacated and set aside and the petitioner should be reinstated to the position of shop foreman which he held at the time of his discharge January 27, 1956.
An order may be submitted directing the reinstatement of the petitioner as aforesaid and directing the Comptroller to pay to the petitioner compensation from the date of removal to the date of restoration subject to the provisions and conditions set forth in section 23 of the Civil Service Law.